**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 95-20333**
**Summary Calendar**

---

**ASHER WAINER,**

**Plaintiff-Appellant,**

**VERSUS**

**ROMM ART CREATIONS, ET AL.,**

**Defendants-Appellees.**

---

Appeal from the United States District Court
For the Southern District of Texas

(93-CV-2794)

---

December 6, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In September 1983, Asher Wainer ("Wainer") filed suit against Romm Art Creations, Ltd. and 19 other individual and corporate defendants ("defendants") alleging that defendants engaged in an unlawful conspiracy to restrain and monopolize the sale and distribution of fine art, in violation of the Sherman Antitrust

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Act, 15 U.S.C. §§ 1 and 2, and Clayton Act, 15 U.S.C. §§ 15 and 26. Wainer also alleged violations of Texas statutory and common law including violations of the Texas Free Enterprise and Antitrust Act of 1983, TEX. BUS. & COM. CODE §§ 15.25(b) and 15.05(a) and (b); malicious interference with business relationships; product and trade libel; injurious falsehood; trade disparagement; and intentional interference with economic relations.

Wainer's claims arose from a dispute over the distribution of some limited edition serigraphs and fine art posters created by an artist who works under the name "Patricia." Wainer claims that in 1991 defendants illegally conspired to drive him out of the decorative art market by filing a trade dress infringement suit in the United States District Court for the Eastern District of New York that sought to enjoin him from distributing works by Patricia. On March 18, 1992, the United States district judge in New York adopted the recommendations from his magistrate judge and issued a preliminary injunction against Wainer and other named defendants in that suit. In September 1992, the New York suit was dismissed on motion of the plaintiffs therein.

In September 1993, Wainer filed this present suit pro se. In October 1993, various defendants filed a motion to dismiss Wainer's complaint for failure to state a cause of action and, in December 1993, one of these defendants filed a motion for summary judgment. In March 1994, Wainer filed motions for default judgment against many of the named defendants. In January 1995, the court entered an order redesignating defendants' motions to dismiss for failure

2

to state a claim as ones for summary judgment and all the various pending motions were submitted to the magistrate judge for preparation of a Memorandum and Recommendation.

On February 15, 1995, the magistrate judge entered her initial Memorandum and Recommendation to which Wainer filed objections. On March 17, 1995, the magistrate judge entered her Amended Memorandum and Recommendation that the motions for default judgment by Wainer be denied and that the motions for summary judgment by the defendants be granted. The district court entered an Order on March 31, 1995, adopting the magistrate judge's Amended Memorandum and Recommendation entered a Final Judgment in favor of all defendants against Wainer on his federal and state claims. Wainer timely appealed to this Court.

We have carefully reviewed the briefs, the reply brief, the record excerpts and relevant portions of the record and the docket sheet in the trial court. For the reasons stated by the magistrate judge in her Amended Memorandum and Recommendation and entered under date of March 20, 1995, which were adopted by the district court, we are satisfied that the district court correctly dismissed Wainer's federal cause of action. But because the district court did not reach the merits of Wainer's state law claims it should have dismissed those claims without prejudice. Accordingly, we modify the district court's judgment of April 3, 1995, to dismiss Wainer's state law actions without prejudice.

AFFIRMED as modified.